GEORGE C. HEWITT, PLAINTIFF, v. SAMUEL C. JOHNSON, DEFENDANT.

Decided March 2, 1932.

For the rule, *Frank S. McKee.*

*Contra, LeRoy W. Loder.*

SOOY, C. C. J. Defendant, without legal justification, through a constable, broke into the dwelling and service station building of plaintiff and removed from the dwelling practically its entire contents of household goods and took from the service station the stock of merchandise, tools, &c., and then proceeded to padlock both buildings. Defendant returned the chattels so taken on the third day after their removal but both buildings remained under padlock for ten days during which time plaintiff and his family were deprived of possession and compelled to seek lodging with a friend.

The jury was instructed that it might render a verdict for compensatory and punitive damages and were further instructed to separately state the amounts if they found against the defendant as to both forms of damage. The jury returned a verdict of $1,500 for compensatory damages and "no cause" as to punitive damages.

Plaintiff was entitled to recover, under the head of compensatory damages, such an amount as would represent compensation for such damages as were the proximate and natural result of defendant's illegal acts. Plaintiff, however, was obliged to present to the jury evidence upon which a just verdict could be based. He may not sustain a verdict for compensatory damages for more than the evidence will justify and after a careful reading of the testimony adduced at the trial, I am satisfied that $500 fully covers the proved compensatory damage. This sum will include all of the proved elements of damage as well as the humiliation and inconvenience suffered by plaintiff.

If plaintiff, within ten days, consents to accept a verdict for $500 this rule will be discharged, otherwise it will become absolute and a new trial had.